# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TERRA VENTURE, INC., et al.,

      **Plaintiffs,**

  vs.

      CIVIL ACTION
      No. 02-2593-GTV

JDN REAL ESTATE -
OVERLAND PARK, L.P., et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

This breach of contract action is before the court on the motion for sanctions (Doc. 281) filed by Plaintiffs Terra Venture, Inc. ("Terra Venture") and Terra Venture Realty Inc. ("TV Realty"). Plaintiffs claim that Defendants JDN Real Estate - Overland Park ("JDN Overland Park"), JDN Realty Corporation ("JDN Realty"), JDN Development Company ("JDN Development"), Belle Meade Acquisition Corporation ("Belle Meade"), and Developers Diversity Realty Corporation ("DDR") have repeatedly ignored the orders of Magistrate Judge O'Hara and continued to produce discovery documents even after certifying that all documents requested had been produced. Plaintiffs seek monetary sanctions and their attorney fees and costs for preparing the instant motion, but only against Defendant DDR. For the following reasons, the court denies Plaintiffs' motion.

## **I. STANDARD FOR JUDGMENT**

Under Fed. R. Civ. P. 37(b), the court has discretion to impose sanctions when a party has failed to comply with a court order. Myers v. Colgate-Palmolive Co., 26 Fed. Appx. 855, 862 (10th Cir. 2002). In doing so, the court should consider the purpose of the sanction, including "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." Resolution Trust Corp. v. Williams, 162 F.R.D. 654, 660 (D. Kan. 1995) (citing White v. Gen. Motors Corp., 908 F.2d 675 (10th Cir. 1990)). "The sanction to be imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer." Kindergartners Count, Inc. v. DeMoulin, 209 F.R.D. 466, 469 (D. Kan. 2002) (citation omitted). "The court's discretion is limited in that Fed. R. Civ. P. 37 requires that any sanction be 'just' and that the sanction be specifically related to the particular 'claim' which was at issue in the order to provide discovery." Myers v. Colgate-Palmolive Co., 102 F. Supp. 2d 1208, 1222 (D. Kan. 2000) (citations omitted). One available remedy is an award of costs and fees incurred in enforcing the discovery rules. See, e.g., Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp., 211 F.R.D. 641, 649 (D. Kan. 2002) (awarding costs and fees for failure to comply with discovery order).

## II.  DISCUSSION

This case is currently on appeal.  On October 14, 2004, the court granted summary judgment to Defendants on all counts.  The instant motion was filed October 7, 2004, and became ripe for decision after the court entered judgment for Defendants.

As an initial matter, the court determines that it has jurisdiction to consider Plaintiffs' motion despite the pending appeal of the substantive matters in the case.  Plaintiffs' motion involves matters collateral to the appeal, and the court retains jurisdiction over those matters.  See Chavez v. Propp, No. 98-2144, 99-2218, 2000 WL 702309, at *1 n.1 (10th Cir. May 26, 2000); Bergeson v. Dilworth, 749 F. Supp. 1555, 1563 (D. Kan. 1990) (citations omitted).

The motion for sanctions is the third such discovery-related motion filed by Plaintiffs in this case.  On June 1, 2004, Magistrate Judge O'Hara ordered sanctions in the form of attorney fees and costs against Defendants for failing to produce documents in a timely fashion.  He stated that "[p]roduction of [documents] six months after the initial request, and subsequent to two employees swearing under oath that all files had been searched and produced, is unacceptable."  He also ordered Defendants to "conduct one final search of any records that might reasonably be responsive to [Plaintiffs'] discovery requests, and produce all such responsive documents to [Plaintiffs] by June 8, 2004," and counsel to certify that "the entire universe of potentially relevant documents has been searched, and that all responsive documents within [Defendants'] possession have been produced.

On August 17, 2004, Judge O'Hara decided that additional discovery abuses warranted more than monetary sanctions.  He concluded that Defendants' conduct merited an adverse inference

3

instruction to the jury and assessment of certain expenses. He also sanctioned Defendants' counsel in the form of attorney fees and expenses for inappropriately advising his clients that certain documents were irrelevant.

In response to Judge O'Hara's June 1, 2004 order, Alison Mund, an employee of Defendant DDR and Leland Corley, counsel for Defendants, filed affidavits stating that all responsive documents had been searched and turned over to Plaintiffs.

Since that time, Defendants have produced several additional documents responsive to Plaintiffs' discovery requests, all of which were in existence at the time of Ms. Mund's and Mr. Corley's affidavits. On September 1, 2004, Defendant Belle Meade produced three-and-a-half inches of new documents to Plaintiffs that were responsive to earlier discovery requests. At the same time, a representative was identified who could give testimony on behalf of Belle Meade. On September 29, 2004 and October 6, 2004, Defendants produced contracts for the sale of the auto mall property at issue in this case. On October 6, 2004, Defendants also produced documents evidencing the sale of a lot within the subject property, which again was responsive to Plaintiffs' earlier requests.

Defendants defend the tardiness of their disclosures on several bases: (1) the Belle Meade files were under the control of J.P. Morgan, an entity not a party to this lawsuit, and they were only located after Mr. Corley's "fortuitous" discovery of the phone number of Toni Wilson, an individual who had involvement with Belle Meade in 1999; (2) the existence of David Marcus, one of the former owners of Belle Meade, was not known until after Mr. Corley talked with Ms. Wilson, and he was made available for deposition shortly thereafter; and (3) the existence of the

4

sales documents was made known to Plaintiffs' counsel on June 24, 2004, but Plaintiffs' counsel indicated that he did not wish to review those files.

Plaintiffs respond as follows: (1) when Defendants certified that they had searched all records, they had not searched to locate Belle Meade's files outside of documents in their possession or even notified Belle Meade's principals of the existence of the litigation; and (2) Plaintiffs' counsel's recollection of the June 24, 2004 discussion differs from that of Defendants' counsel – Plaintiffs' counsel states that he was offered only small shop leases, not proposed land sale documents.

The court determines that although Defendants' counsel may not have acted with all of the diligence the court would desire, the shortcoming is not such that the court will impose sanctions.

IT IS, THEREFORE, BY THE COURT ORDERED that Plaintiffs' motion for sanctions (Doc. 281) is denied.

Copies or notice of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, March 16, 2005.

<pre>                                        /s/ G. T. VanBebber
                                        G. Thomas VanBebber
                                        United States Senior District Judge</pre>