IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRA VENTURE INC. and** ) <br> **TERRA VENTURE REALTY, INC.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **JDN REAL ESTATE - OVERLAND** ) <br> **PARK, L.P., et. al,** ) <br> ) <br> **Defendants.** ) <br> _____) | **CIVIL ACTION** <br><br> **No. 02-2593-CM** |

### MEMORANDUM AND ORDER

Plaintiffs brought this breach of contract action seeking more than five million dollars in lost commissions, fees, and profits. The court granted summary judgment to defendants on October 15, 2004, and entered judgment on November 12, 2004. Now pending before the court is defendants' Motion for Attorneys' Fees (Doc. 309). Defendants claim that they are entitled to attorneys' fees pursuant to a provision in a contract between JDN Real Estate - Overland Park, L.P. and Terra Venture, Inc.

Plaintiffs have appealed the court's summary judgment ruling. The court retains jurisdiction during appeal to rule on a motion for attorneys' fees which is collateral to the issues on appeal. *See Derringer v. Chapel*, 98 Fed. Appx. 728, 734 (10th Cir. 2004) (citation omitted); *Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (citation omitted). *But cf. F.H. Krear & Co. v. Nineteen Named Trustees*, 776 F.2d 1563, 1564 (2d

1

Cir. 1985) (holding that in a contract action, "where attorneys' fees are a contractually stipulated element of damages, a judgment is not final until the fees have been determined").  In this case, however, the interests of judicial efficiency weigh in favor of waiting for a mandate from the Tenth Circuit before awarding or denying attorneys' fees.  *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendments (stating that during appeal, court may rule on claim for attorneys' fees, defer ruling, or deny motion without prejudice); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004).  The court therefore denies defendants' motion without prejudice.  Defendants shall have 14 days from the date of a Tenth Circuit mandate to renew their motion, if not moot.  *See* Fed. R. Civ. P. 54(d)(2)(B) (providing that court may alter time for filing motion).

**IT IS THEREFORE ORDERED** that defendants' Motion for Attorneys' Fees (Doc. 309) is denied without prejudice.  Defendants may renew their motion, if not moot, within 14 days of the date the Tenth Circuit issues a mandate in this case.

Dated this  8th  day of August 2005 at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**