**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TERRA VENTURE INC. and** ) | |
| **TERRA VENTURE REALTY, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 02-2593-CM** |
| **JDN REAL ESTATE-OVERLAND** ) | |
| **PARK, L.P., et. al,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiffs brought this breach of contract action seeking more than five million dollars in lost commissions, fees, and profits. The Honorable G. Thomas VanBebber granted summary judgment to defendants, and the Tenth Circuit affirmed. Now pending before the court is Defendants' Application for Attorneys' Fees and Related Costs (Doc. 328). Defendants claim that they are entitled to attorneys' fees pursuant to a provision in a contract between defendant JDN Real Estate–Overland Park, L.P. ("JDN Overland Park") and plaintiff Terra Venture Inc. They seek approximately $350,000 in fees and related costs in connection with the case in district court as well as the appeal. The Tenth Circuit directed this court to determine entitlement for both. Although this court became involved in the case only after the untimely death of Judge VanBebber, the court has familiarized itself with the pleadings and orders filed in the case, and the court understands the positions taken by the parties throughout the case. For the following reasons, the court grants defendants' motion in part and denies it in part.

1

## I.  Entitlement to Attorney Fees Under Contract

### A.  Contract Provision

The threshold issue here is whether defendants are entitled to attorney fees at all.  Under Kansas law, attorney fees are recoverable where allowed by statute or an express contractual agreement.  *Nat'l Minority Supplier Dev. Council Bus. Consortium Fund, Inc. v. First Nat'l Bank of Olathe*, 83 F. Supp. 2d 1200, 1204 (D. Kan. 1999); *Wilkerson v. Brown*, 995 P.2d 393, 395 (Kan. Ct. App. 1999).  Paragraph 8.c. of the Fee Agreement between plaintiff Terra Venture Inc. and defendant JDN Overland Park provides in part as follows:

> In the event any claim is asserted by or against any of the parties hereto with respect to this Agreement or the subject matter hereof, the party or parties prevailing in any litigation resulting from such claim shall be entitled to receive reasonable attorneys' fees actually incurred by such prevailing party or parties in such litigation from the party or parties who fail so to prevail.

Plaintiffs acknowledge that Terra Venture Inc. and JDN Overland Park had a contractual agreement regarding attorney fees (which JDN Overland Park assigned to Belle Meade).  But Terra Venture Inc. had no agreement with DDR, JDN Development, or JDN Realty, the other defendants in this case.  Terra Venture argues that only JDN Overland Park and Belle Meade are entitled to "fees actually incurred" in this litigation, and that they did not actually incur any fees associated with the litigation.  Rather, Terra Venture contends that DDR, who was billed for and paid all of the legal fees, incurred all legal fees associated with the litigation.

Defendants submitted an affidavit of Pamela Webber, DDR's Development Controller, that states that although the fees were paid from an account maintained by DDR, they were in fact "incurred" by JDN Overland Park.  Ms. Webber's affidavit, however, arguably conflicts with a statement that she made in her deposition and exhibits used during her deposition.  During her

2

deposition, Ms. Webber separated costs "incurred" by JDN Overland Park prior to the merger from costs "incurred" by DDR subsequent to the merger. (Webber dep. at 27). The exhibits show fees and costs allocated to different defendants at different times. The court finds that while some costs were undoubtably "incurred" by JDN Overland Park, Ms. Webber's insinuation that *all* costs were incurred by JDN Overland Park is not supported by other evidence in the case.

The court finds that, regardless of who paid the bills, defendant JDN Overland Park, as the entity that developed the project in this case, actually incurred some portion of the attorney fees. The record simply does not support a finding that DDR—and DDR alone—incurred all of the attorney fees merely because DDR paid the bills. The situation presented here is similar to that presented when an insurance company hires attorneys and defends a case for a party. Although the insurance company pays the bills, the party still incurs the expenses. *See, e.g.*, *Schafler v. Fairway Park Condominium Ass'n*, 324 F. Supp. 2d 1302, 1305 (S.D. Fla. 2004); *Maseda v. Honda Motor Co., Ltd.*, 128 F.R.D. 124, 125–126 (S.D. Fla. 1989); *Ross v. Fay's Drug Co. of Cohoes, Inc.*, 502 N.Y.S.2d 945, 946 (N.Y. Sup. Ct. 1986).

The court will address the portion of fees incurred by JDN Overland Park in its lodestar analysis.

**B. Equitable Estoppel**

Plaintiffs ask the court to deny defendants attorney fees because defendants now take a position that is factually inconsistent with the position they maintained throughout the litigation. At first glance, it appears that all parties have changed sides on the issue of whether defendants are alter-egos of one another. But on closer examination, the court finds that defendants' current position is not that defendants are alter-egos. Rather, it is that JDN Overland Park actually incurred

3

the attorney fees, not any of the other defendants.  This position is consistent with the position held throughout the litigation by defendants that they are not alter-egos.  Notably, plaintiffs themselves now take a stance that is inconsistent with the position they have taken throughout the litigation. Plaintiffs now deny that the contract terms apply to any entity other than entities that are parties to the contract.  Throughout the litigation, plaintiffs sought to hold all defendants responsible for what plaintiffs argued were the terms of the contract.  Neither the district court nor the Tenth Circuit found it necessary to address whether the alter ego theory applied.  Equitable estoppel is not appropriate here.

**C.  Request for Discovery**

Plaintiffs request the opportunity to conduct limited discovery "[i]f the court disagrees and finds that defendants may be entitled to an attorneys' fee award."  Plaintiffs do not seek discovery on the amount of attorney fees requested; rather, they seek discovery on the relationship between the parties and the attorneys.  The court finds that all facts necessary for resolution of defendants' motion have been presented to the court.  Moreover, during the pendency of the case, plaintiffs were able to conduct extensive discovery on the relationship of the parties and present such evidence to the court. *See, e.g.*, Doc. 219 at 67–69.  Additional evidence would not change the outcome of the motion.

**D.  Appeal-Related Fees**

Plaintiffs have given the court no reason to deny defendants' motion for their fees incurred on appeal other than those already stated.  For the same reasons given above, the court finds that defendants are entitled to reasonable fees incurred on appeal.

**II.  Reasonable Attorney Fees**

4

Defendants ask the court to apply federal lodestar analysis in computing reasonable attorney fees.  Plaintiffs do not address the issue.  The court notes that Kansas applies a slightly different version of lodestar analysis, *see, e.g.*, *Farmco, Inc. v. Explosive Specialists, Inc.*, 684 P.2d 436, 444 (Kan. Ct. App. 1984), but the difference is immaterial here.  Ultimately, the court considers similar factors in arriving at a reasonable figure.  In the absence of an objection by plaintiffs, the court follows the familiar two-step process to calculate an award of reasonable attorney fees.

First, the court multiplies the number of hours reasonably expended by a reasonable hourly fee, resulting in the "lodestar" amount.  *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party moving for attorney fees "bears the burden of . . . documenting the appropriate hours expended and the hourly rate."  *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998).  The lodestar figure "is the presumptively reasonable fee."  *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994).  Second, the court may adjust the lodestar upward or downward as necessary.  *Blum*, 465 U.S. at 888.

**A.  Lodestar Amount**

*1. Number of Hours Reasonably Expended*

To satisfy its burden, the party requesting fees must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."  *Case*, 157 F.3d at 1250 (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).  "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).  The court will reduce the hours

5

claimed if the attorneys' records are inadequate or fail to precisely document the time necessary to complete specific tasks. *Hensley*, 461 U.S. at 433–34; *Case*, 157 F.3d at 1250. The court need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citations omitted) (considering a 42 U.S.C. § 1988 fee award). Instead, the court may generally reduce the hours, as long as it gives a sufficient reason for doing so. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986); *see also Hofer v. UNUM Life Ins. Co. of Am.*, 441 F.3d 872, 885 (10th Cir. 2006) (affirming district court's award of attorney fees using half of the hours requested, based in part on the fact that the plaintiff recovered half of the damages sought); *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994) (citation omitted) (stating that the court may use its discretion to "make a general reduction in hours claimed to achieve what the court perceives to be a reasonable number" with respect to attorney fees under § 1988 and Title VII).

Plaintiffs do not argue that the number of hours spent overall was unreasonable and they do not object generally to the specificity with which defendants' attorneys kept their time records.[1] Despite plaintiffs' lack of objection, the court has reviewed defendants' time entries in detail. The court finds that this was a complex case with numerous difficult issues involved. The parties engaged in extensive motions practice, and plaintiffs sought over five million dollars in damages. Plaintiffs recovered nothing, which, from defendants' perspective, was an excellent result. Plaintiffs appealed the case and lost on appeal, as well. Defendants have also properly redacted duplicative

---

[1] Plaintiffs originally objected to hours spent on claims relating to Terra Venture Realty, who is not a party to the contract. Plaintiffs' argument is now moot, however, as defendants reduced their hours appropriately in response to plaintiffs' objection.

entries and other entries relating to unrecoverable time.  From this standpoint, the number of hours defendants' attorneys spent in this case was reasonable.

Plaintiffs' key argument is that defendants did not properly segregate their respective fees. According to plaintiffs, because only JDN Overland Park and Belle Meade are entitled to any fees, counsel should have separated out their time per defendant.  Defendants respond that it is unnecessary and impossible for them to segregate their fees because (1) all fees were incurred by JDN Overland Park and (2) the claims and defenses of all defendants were so interrelated that they involved essentially the same facts.

Defendants have not met their burden of showing that all fees were incurred solely by JDN Overland Park.  While they submitted the affidavit of Ms. Webber, the statements of Ms. Webber are conclusory.  She does not explain why all fees were incurred only by JDN Overland Park, why DDR paid the bills, or how or why fees were or were not apportioned between the entities involved in the project.  Moreover, while the parties apparently briefed the relationship between defendants previously, defendants submitted no evidence in support of their attorney fees motion that would explain why only JDN Overland Park incurred expenses out of the five entities.

Defendants have convinced the court that some of the fees were incurred by JDN Overland Park, but they have fallen far short of proving that JDN Overland Park incurred *all* of the fees. There were five defendants in this case, and only two were parties to the contract.  The court finds it inequitable and unreasonable to award fees to the other defendants when they did not bargain to receive fees.  The court can only accept that the other defendants bargained to receive fees if it adopts the position that defendants have fought the entire case—that defendants were alter-egos.

On the other hand, the interrelatedness of the claims in this case deserves some

7

consideration.  If the court finds that the "causes of action involved in this suit are dependent upon the same set of facts or circumstances and thus are 'intertwined to the point of being inseparable,'" then the court could award full attorney fees.  *DeSpiegelaere v. Killion*, 947 P.2d 1039, 1044 (Kan. Ct. App. 1997).  The court finds that the claims were interrelated to a significant degree, but also notes that the amount of work done by defense counsel was multiplied by some amount because of the different entities involved.

In the absence of segregated billing, one option is for the court to deny defendants' motion in its entirety.  *See id.* at 1044–45.  The court does not favor this option because it would punish defendants for their failure to take an action that not only appears unnecessary in this case, but also fairly impossible.

One rational way to apportion the fees is to divide them by five and award defendants JDN Overland Park and Belle Meade 2/5, or forty percent, of them.  But the other defendants' involvement in the case, as reflected by motions filed and the arguments contained therein, was not equal to that of defendant JDN.  In fact, nearly all of the arguments on dispositive issues in the case centered on defendant JDN and its contract with Terra Venture.  Only a few pages of each brief dealt with alter-ego arguments.  The court therefore finds that a general reduction in hours of sixty percent is unreasonable.  Instead, the court will reduce the fees recoverable by twenty percent to account for the involvement of the other defendants who were not parties to the contract in this case.  *Cf. Gudenkauf v. Stauffer Commc'ns, Inc.*, 953 F. Supp. 1237, 1244 (D. Kan. 1997) ("[R]ather than going through the billing statement and identifying each of the instances of the billing of the excessive hours, the billing for duplicative services, and the billing for background research, the court will reduce the requested hours by thirty percent."), *aff'd*, 158 F.3d 1074, 1082–83 (10th Cir.

8

1998); *see also United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir.

2000) (upholding a twenty percent reduction); *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir.

1995) (upholding a thirty-five percent reduction).  Defendants are entitled to recover for eighty

percent of their hours, apportioned per attorney at the same ratio presented in defendants' billing

statements.

### 2.  Reasonable Hourly Rate

Plaintiffs do not challenge the reasonableness of defendants' hourly rates.  The court finds,

based on the evidence submitted by defendants as well as the court's own knowledge of prevailing

rates charged by attorneys in the Kansas City area, that the hourly rates charged are reasonable based

on the professional skills, experience, and reputation of the attorneys, particularly regarding the

difficult issues raised in this case.  Based on these rates, as well as the reasonable hours set forth

above, the court arrives at a lodestar figure of $270,314.40.

### B.  Lodestar Adjustment

Kansas courts consider the factors set forth in Rule 1.5 of the Kansas Rules of Professional

Conduct to determine whether attorney fees should be adjusted.  *See Sheldon v. Vermonty*, 237 F.

Supp. 2d 1270, 1279–80 (D. Kan. 2002).  To the extent that they are relevant here, the court has

already considered these factors in arriving in the lodestar amount.  *See, e.g.*, *Shrout v. Holmes*, No.

00-2069-KHV, 2001 WL 980280, at *2 (D. Kan. Aug. 10, 2001).  Further adjustment of the fees to

be awarded in this case is unnecessary.

### III.  Other Expenses

Defendants seek approximately $6,400 in expenses related to attorney fees that are not

recoverable as costs.  Plaintiffs contend that the contract does not provide that such expenses are

9

recoverable.  The court agrees.  The contract specifically addresses attorney fees, but not other expenses.  The cases relied upon by defendants are civil rights cases, and 42 U.S.C. §§ 1988 and 2000e-5 allow expenses as part of attorney fees in such cases.  The additional expenses sought by defendants are disallowed.

**IT IS THEREFORE ORDERED** that Defendants' Application for Attorneys' Fees and Related Costs (Doc. 328) is granted in part and denied in part.

Dated this 19th day of March 2007 at Kansas City, Kansas.

<u>**s/ Carlos Murgia**</u>
**CARLOS MURGUIA**
**United States District Judge**

10